IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>   Plaintiff,<br><br>v.<br><br>JBR, INC., D/B/A ROGERS FAMILY<br>COMPANY,<br><br>   Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Keurig, Incorporated ("Keurig"), by and through its undersigned counsel, for its

Complaint against Defendant JBR, Inc., d/b/a Rogers Family Company ("Rogers"), alleges as

follows:

## THE PARTIES

1.  Keurig is a Delaware corporation with a place of business at 55 Walkers Brook

Drive, Reading, Massachusetts 01867.

2.  Rogers is a California corporation with a place of business at 1731 Aviation

Boulevard, Lincoln, CA 95648.

## JURISDICTION AND VENUE

3.  This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. § 100 *et seq.*

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§1331, 1338.

5.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391, 1400.

## COUNT I
### Infringement of United States Patent No. D502,362

6.      Keurig repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

7.      Keurig is the owner of U.S. Patent No. D502,362 (the "'362 patent"), titled "Disposable Beverage Filter Cartridge."  Keurig has the right to sue for infringement of the '362 patent.  A copy of the '362 patent is attached hereto as Exhibit A.

8.      Rogers offers beverage cartridges, such as its "OneCups," that are advertised for use with Keurig's single-serve beverage brewers.

9.      On information and belief, Rogers has infringed, and continues to infringe, literally or under the doctrine of equivalents, the '362 patent, at least by making, using, offering to sell, and/or selling infringing beverage cartridges within the United States.

10.      Rogers's infringement of the '362 patent will, if not enjoined, cause Keurig to suffer substantial damages.

11.      Rogers's infringement of the '362 patent has caused, and continues to cause, Keurig to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT II
### Infringement of United States Patent No. 7,165,488

12.      The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

13.      Keurig is the owner of United States Patent No. 7,165,488, entitled "Brew Chamber For A Single Serve Beverage Brewer" (the "'488 patent").  Keurig has the right to sue for infringement of the '488 patent.  A copy of the '488 patent is attached hereto as Exhibit B.

14.     On information and belief, Rogers has infringed, and continues to infringe, literally or under the doctrine of equivalents, the '488 patent, at least by making, using, offering to sell, and/or selling infringing beverage cartridges intended for use with Keurig's single-serve beverage brewers within the United States.

15.     On information and belief, Rogers had actual knowledge of the '488 patent, which was marked on the brewers that Rogers has publicly identified as being compatible with its OneCup cartridges, or was willfully blind as to the existence of said patent.

16.     Rogers is inducing infringement of the '488 patent by causing others to use its beverage cartridges in Keurig's single-serve beverage brewers in a manner that is covered, literally or under the doctrine of equivalents, by one or more of the claims of the '488 patent within the United States.  For example, a page on Rogers's website, a copy of which is attached as Exhibit C

(http://www.rogersfamilyco.com/index.php?option=com_content&view=article&id=201:one-cup&catid=186:onecup), states that its "OneCups" work with KEURIG brewers.  In fact, Rogers's beverage cartridges have no other use.  The only brewers identified on Rogers's website, and on the packaging for its products, as compatible for use with its "OneCups" are Keurig® brewers.  When owners of Keurig® single-serve brewers and other third-party consumers purchase Rogers's beverage cartridges and use them in the manner suggested by Rogers, they are directly infringing the '488 patent.

17.     Rogers is contributing to infringement of the '488 patent by causing others to use its beverage cartridges in Keurig's single-serve beverage brewers in a manner that is covered, literally or under the doctrine of equivalents, by one or more of the claims of the '488 patent within the United States.  Rogers's beverage cartridges are a material part of the patent invention

covered by the '488 patent. Rogers's website and the packaging for its product identify

Keurig's, and only Keurig's, single-serve brewers as compatible for use with its "OneCups."

Rogers's beverage cartridges are not staple articles; they are, as their advertising clearly states,

especially designed for use with Keurig® single-serve brewers. Rogers's beverage cartridges

have no other use; and in particular, they have no substantial noninfringing use. When owners of

Keurig® single-serve brewers and other third-party consumers purchase Rogers's beverage

cartridges and use them in the manner suggested by Rogers, they are directly infringing the '488

patent. By offering to sell and/or selling its beverage cartridges, Rogers is contributing to the

direct infringement by such owners of Keurig® single-serve brewers and other third-party

consumers.

18.     Rogers's infringement of the '488 patent will, if not enjoined, cause Keurig to

suffer substantial money damages.

19.     Rogers's infringement of the '488 patent has caused and continues to cause

Keurig to suffer irreparable harm for which there is no adequate remedy at law.

**COUNT III**
Infringement of United States Patent No. 7,347,138

20.     The allegations of the paragraphs above are restated and re-alleged as though fully

set forth herein.

21.     Keurig is the owner of United States Patent No. 7,347,138, entitled "Brew

Chamber For A Single Serve Beverage Brewer" (the "'138 patent"). Keurig has the right to sue

for infringement of the '138 patent. A copy of the '138 patent is attached hereto as Exhibit D.

22.     On information and belief, Rogers has infringed, and continues to infringe,

literally or under the doctrine of equivalents, the '138 patent, at least by using infringing

beverage cartridges intended for use with Keurig's single-serve beverage brewers within the United States.

23.     On information and belief,  Rogers either had actual knowledge of the '138 patent or was willfully blind to the existence of that patent prior to the filing of Keurig's complaint in this case.

24.     Rogers is inducing infringement of the '138 patent by causing others to use its beverage cartridges in Keurig's single-serve beverage brewers in a manner that is covered, literally or under the doctrine of equivalents, by one or more of the claims of the '138 patent within the United States.  For example, Rogers's website, a copy of which is attached as Exhibit C, states that its "OneCups" work with KEURIG brewers.  In fact, Rogers's beverage cartridges have no other use.  The only brewers identified on Rogers's website, and on the packaging for its products, as compatible for use with its "OneCups" are Keurig® brewers.  When owners of Keurig® single-serve brewers and other third-party consumers purchase Rogers's beverage cartridges and use them in the manner suggested by Rogers, they are directly infringing the '138 patent.

25.     Rogers is contributing to infringement of the '138 patent by causing others to use its beverage cartridges in Keurig's single-serve beverage brewers in a manner that is covered, literally or under the doctrine of equivalents, by one or more of the claims of the '138 patent within the United States.  Rogers's beverage cartridges are a material part of the patent invention covered by the '138 patent.  Rogers's website and the packaging for its product identify Keurig's, and only Keurig's, single-serve brewers as compatible for use with its "OneCups." Rogers's beverage cartridges are not staple articles; they are, as their advertising clearly states, especially designed for use with Keurig® single-serve brewers.  Rogers's beverage cartridges

have no other use; and in particular, they have no substantial noninfringing use.  When owners of Keurig® single-serve brewers and other third-party consumers purchase Rogers's beverage cartridges and use them in the manner suggested by Rogers, they are directly infringing the '138 patent.  By offering to sell, and/or selling its beverage cartridges, Rogers is contributing to the direct infringement by such owners of Keurig® single-serve brewers and other third-party consumers.

26.     Rogers's infringement of the '138 patent will, if not enjoined, cause Keurig to suffer substantial money damages.

27.     Rogers's infringement of the '138 patent has caused and continues to cause Keurig to suffer irreparable harm for which there is no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, Keurig requests that this Court:

A.      Enter judgment that Rogers has infringed the '362, '488, and '138 patents;

B.      Enter judgment that Rogers has contributed to and induced infringement of the '488 and '138 patents;

C.      Enter preliminary and permanent injunctions enjoining Rogers and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for it or on its behalf, or acting in concert or privity with it, from committing further direct infringement of the '362, '488, and '138 patents, or contributing to or inducing the infringement of the '488 and '138 patents;

D.      Award Keurig compensatory damages under 35 U.S.C. § 284;

E.      Award Keurig, under 35 U.S.C. § 289, total profits earned by Rogers due to its infringement of the '362 patent;

F.      Order Rogers to file and serve a report in writing, and under oath, setting forth the

manner and form in which it has complied with the Court's order and injunction;

G.      Order Rogers to pay Keurig its reasonable attorneys' fees pursuant to 35 U.S.C.

§ 285 or other applicable law;

H.      Award Keurig its costs, pre-judgment interest and post-judgment interest; and

I.      Award Keurig such other relief as the Court deems just and proper.


### JURY DEMAND

Keurig hereby demands a trial by jury of all issues so triable.




Dated: <u>November 2, 2011</u>            Respectfully submitted,

                                 __/s/ Michael A. Albert_____
                                 Michael A. Albert (BBO #558566)
                                 malbert@wolfgreenfield.com
                                 Gerald B. Hrycyszyn (BBO #675201)
                                 ghrycyszyn@wolfgreenfield.com
                                 Chelsea A. Loughran (BBO #672017)
                                 cloughran@wolfgreenfield.com
                                 WOLF, GREENFIELD & SACKS, P.C.
                                 600 Atlantic Ave.
                                 Boston, MA 02210
                                 (617) 646-8000

                                 *Attorneys for Plaintiff Keurig, Incorporated*