UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JBR, INC., D/B/A ROGERS FAMILY COMPANY,<br><br>　　　　　　Defendant. | Civil Action No. 1:11-CV-11941-MBB<br><br>Complaint Filed: November 2, 2011<br><br>Demand for Jury Trial |

### ANSWER OF DEFENDANT JBR, INC. TO COMPLAINT OF KEURIG, INCORPORATED

Defendant JBR, Inc., d/b/a Rogers Family Company ("ROGERS") by its undersigned counsel hereby responds to and answers the Complaint of Plaintiff Keurig, Incorporated ("KEURIG") as follows:

### KEURIG'S ALLEGATIONS RE: THE PARTIES

1.　　Upon information and belief, ROGERS admits the allegations in Paragraph 1.

2.　　ROGERS admits that it is a California corporation with a place of business at 1731 Aviation Boulevard, Lincoln, CA 95648.

### KEURIG'S ALLEGATIONS RE: JURISDICTION AND VENUE

3.　　ROGERS admits that this is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq, but denies that it is in any way liable to KEURIG under these or any other laws.

4.　　ROGERS admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.　　ROGERS admits that venue is proper in this District pursuant to 28 U.S.C. §§

1391 and 1400.

## KEURIG'S COUNT I
## INFRINGEMENT OF UNITED STATES PATENT NO. D502,362

6.  ROGERS repeats and realleges its responses to Paragraphs 1 through 5 of the Complaint as if fully set forth herein.

7.  ROGERS admits that U.S. Patent No. D502,362 (the "'362 patent"), titled "Disposable Beverage Filter Cartridge" exists.  ROGERS admits that KEURIG attached what purports to be a copy of the '362 patent to its Complaint as Exhibit A.  ROGERS lacks sufficient knowledge and information as to each and every other allegation in Paragraph 7 and on that basis denies them.

8.  ROGERS admits that it offers a single-serve beverage cartridge product called OneCup™.  ROGERS denies each and every other allegation in Paragraph 8.

9.  To the extent the allegations of Paragraph 9 constitute conclusions of law regarding the scope of the '362 patent, ROGERS answers that no response is required or, in the alternative, denies the legal conclusions propounded by KEURIG.  ROGERS denies each and every other allegation in Paragraph 9.

10.  ROGERS denies each and every allegation in Paragraph 10.

11.  ROGERS denies each and every allegation in Paragraph 11.

## KEURIG'S COUNT II
## INFRINGEMENT OF UNITED STATES PATENT NO. 7,165,488

12.  ROGERS repeats and realleges its responses to Paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13.  ROGERS admits that U.S. Patent No. 7,165,488 (the "'488 patent"), titled "Brew Chamber for A Single Serve Beverage Brewer" exists.  ROGERS admits that KEURIG attached

what purports to be a copy of the '488 patent to its Complaint as Exhibit B.  ROGERS lacks sufficient knowledge and information as to each and every other allegation in Paragraph 13 and on that basis denies them.

14. To the extent the allegations of Paragraph 14 constitute conclusions of law regarding the scope of the '488 patent, ROGERS answers that no response is required or, in the alternative, denies the legal conclusions propounded by KEURIG.  ROGERS denies each and every other allegation in Paragraph 14.

15. ROGERS admits that it had actual knowledge of the '488 patent.  ROGERS admits that it has publically identified that the OneCup™ cartridges are compatible with certain identified brewers.  ROGERS denies each and every other remaining allegation in Paragraph 15.

16. ROGERS admits that KEURIG attached what purports to be a copy of a page on ROGERS'S website to its Complaint as Exhibit C.  ROGERS lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 16 that the only brewers identified on ROGERS'S website (Exhibit C to the Complaint), and on the packaging of its products, as compatible for use with its "OneCups", are KEURIG® brewers and on this basis denies the allegation.  ROGERS denies each and every other allegation in Paragraph 16.

17. ROGERS lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 17 that ROGERS' website and packaging for its product identify KEURIG's, and only KEURIG's, single-serve brewers as compatible for use with its "OneCups" and on this basis denies the allegation.  ROGERS denies each and every other allegation in Paragraph 17.

18. ROGERS denies each and every allegation in Paragraph 18.

19. ROGERS denies each and every allegation in Paragraph 19.

## KEURIG'S COUNT III
## INFRINGEMENT OF UNITED STATES PATENT NO. 7,347,138

20.     ROGERS repeats and realleges its responses to Paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21.     ROGERS admits that U.S. Patent No. 7,347,138 (the "'138 patent"), titled "Brew Chamber for A Single Serve Beverage Brewer" exists.  ROGERS admits that KEURIG attached what purports to be a copy of the '138 patent to its Complaint as Exhibit D.  ROGERS lacks sufficient knowledge and information as to each and every other allegation in Paragraph 21 and on that basis denies them.

22.     To the extent the allegations of Paragraph 22 constitute conclusions of law regarding the scope of the '138 patent, ROGERS answers that no response is required or, in the alternative, denies the legal conclusions propounded by KEURIG.  ROGERS denies each and every other allegation in Paragraph 22.

23.     ROGERS admits that is had actual knowledge of the '138 patent.  ROGERS denies each and every other allegation in Paragraph 23.

24.     ROGERS admits that KEURIG attached what purports to be a copy of a page on ROGERS'S website to its Complaint as Exhibit C.  ROGERS lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 24 that the only brewers identified on ROGERS'S website (Exhibit C to the Complaint), and on the packaging of its products, as compatible for use with its "OneCups", are KEURIG® brewers and on this basis denies the allegation.  Rogers denies each and every other allegation in Paragraph 24.

25.     ROGERS lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 25 that ROGERS'S website and packaging for its product identify KEURIG's, and only KEURIG's, single-serve brewers as compatible for use with its

"OneCups" and on this basis denies the allegation. ROGERS denies each and every other allegation in Paragraph 25.

26. ROGERS denies each and every other allegation in Paragraph 26.

27. ROGERS denies each and every other allegation in Paragraph 27.

### KEURIG'S REQUESTED RELIEF

ROGERS denies that KEURIG is entitled to the relief sought, or any other relief.

### DEFENSES

ROGERS asserts the following defenses. ROGERS reserves the right to amend this Answer to the KEURIG Complaint with additional defenses as further information is obtained.

### FIRST DEFENSE
(Non-infringement of the Asserted Patents)

28. ROGERS has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '362, '488, and '138 patents, and is not liable for infringement of any of these patents.

29. No product that ROGERS makes, uses, offers to sell, sells, exports and/or imports infringes the aforementioned patents.

### SECOND DEFENSE
(Invalidity of the Asserted Patents)

30. One or more claims of the '362, '488, and '138 patents are invalid for failing to comply with the provisions of the patent laws of the United States, as codified in Title 35 of the United States Code.

### THIRD DEFENSE
(Patent Exhaustion)

31. KEURIG's claims of patent infringement are barred, in whole or in part, by the defense of patent exhaustion. ROGERS, therefore, is not liable, directly or indirectly, for

infringement of the '362, '488, and '138 patents.

## FOURTH DEFENSE
(License)

32.    KEURIG's claims of patent infringement are barred, in whole or in part, by the defense of license. ROGERS, therefore, is not liable, directly or indirectly, for infringement of the '362, '488, and '138 patents.

## FIFTH DEFENSE
(Repair)

33.    KEURIG's claims of patent infringement are barred, in whole or in part, by the defense of repair. Any use of the accused ROGERS beverage cartridge in a KEURIG single-serve beverage brewer, like the use of the KEURIG beverage cartridge in a KEURIG single-serve beverage brewer, constitutes permissible repair of the brewer. ROGERS, therefore, is not liable, directly or indirectly, for infringement of the '362, '488, and '138 patents.

## SIXTH DEFENSE
(Patent Misuse)

34.    KEURIG's claims of patent infringement are barred, in whole or in part, by the defense of patent misuse. ROGERS, therefore, is not liable, directly or indirectly, for infringement of the '362, '488, and '138 patents.

## SEVENTH DEFENSE
(Ensnarement)

35.    KEURIG's enforcement of the '488 and '138 patents is barred by the doctrine of ensnarement. KEURIG is foreclosed from asserting infringement under the doctrine of equivalents to the extent the scope of such equivalent would render the claim invalid for failure to satisfy one or more of the conditions of patentability as set forth in 35 U.S.C §§ 102 and/or 103.

**EIGTH DEFENSE**
(Unavailability of Relief)

36. KEURIG has failed to plead and meet the requirements of 35 U.S.C. § 271(b) and (c) and are not entitled to any alleged damages prior to providing any actual notice to ROGERS of the '362, '488, and '138 patents.

**NINTH DEFENSE**
(Unavailability of Enhanced Damages)

37. KEURIG has failed to plead and meet the requirements of 35 U.S.C. §§ 284 and 285 for enhanced damages and are not entitled to any damages prior to providing any actual notice to ROGERS of the '362, '488, and '138 patents.

**TENTH DEFENSE**
(Failure to State a Claim)

38. The KEURIG claims, in whole or in part, fail to state a claim upon which relief may be granted.

**ELEVENTH DEFENSE**
(Adequate Remedy at Law)

39. The KEURIG claims for injunctive relief are barred in light of the fact that KEURIG has an adequate remedy at law.

**TWELFTH DEFENSE**
(Prosecution History Estoppel)

40. To the extent that KEURIG attempts to assert infringement under the doctrine of equivalents, ROGERS believes that arguments and amendments contained in the prosecution history of the '362, '488, and/or '138 patents will estop or bar any claims for alleged infringement.

**THIRTEENTH DEFENSE**
(Disclosure-Dedication)

41. KEURIG's enforcement of the '488 and '138 patents is barred by the doctrine of disclosure-dedication.  KEURIG is foreclosed from asserting infringement of unclaimed subject matter that has been deemed to be an alternative in the '488 and '138 patents.

## PRAYER FOR RELIEF

**WHEREFORE**, ROGERS respectfully prays for the entry of judgment as follows:

a. Dismissing with prejudice any and all claims of the KEURIG Complaint;

b. That the '362, '488, and '138 patents and their claims invalid;

c. That the '362, '488, and '138 patents and their claims unenforcable;

d. That ROGERS has not and does not infringe, directly or indirectly, induce infringement of, or contribute to the infringement of, any valid and enforceable claims of the '362, '488, and '138 patents;

e. That KEURIG be denied any remedies available under 35 U.S.C. § 284;

f. That the Court denies KEURIG any injunctive relief;

g. That the Court denies KEURIG any other relief as to Counts I through III;

h. Finding that this is an exceptional case and awarding ROGERS its attorneys' fees as the prevailing party pursuant to 35 U.S.C. § 285;

i. That the Court award ROGERS its costs of suit; and

j. That the Court award such further relief as deemed just and proper.

*/s/ Todd S. Holbrook*
TODD S. HOLBROOK (BBO# 563828)
Morgan, Lewis & Bockius LLP
Attorneys for Defendant JBR, Inc.
225 Franklin Street, 16th floor
Boston, MA  02110
Telephone:  (617) 341-7700
Facsimile:  (617) 341-7701
tholbrook@morganlewis.com

Dated: December 23, 2011

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 23, 2011.

                                          */s/ Todd S. Holbrook*