UNITED STATES DISTRICT COURT
                        DISTRICT OF MASSACHUSETTS

_____
                                           )
KEURIG, INC.,                              )
                                           )
            Plaintiff,                     )
                                           )     Civil No.
      v.                                   )     11-11941-FDS
                                           )
JBR, INC. d/b/a ROGERS FAMILY              )
COMPANY,                                   )
                                           )
            Defendant.                     )
_____)

## ORDER ON BILL OF COSTS

**SAYLOR, J.**

Defendant JBR, Inc., d/b/a Rogers Family Company, has submitted a bill of costs in this matter as the prevailing party under Fed. R. Civ. P. 54(d). Plaintiff Keurig, Inc., has moved to disallow the bill of costs in its entirety for untimeliness and, alternatively, to disallow certain costs as not recoverable. Defendant has submitted an amended bill, requesting $23,130.59 in costs, which plaintiff has moved to disallow for the similar reasons as its first motion. For the reasons stated below, the motions will be granted in part and denied in part.

**I.     Whether the Bill of Costs Was Timely**

Neither the Federal Rules of Civil Procedure nor the Local Rules for this District impose a deadline for the filing of a bill of costs. *Bergeron v. Cabral*, 393 F. App'x 733, 734 (1st Cir. 2010). However, it is the "practice of the District," as stated on the website of the U.S. District Court for the District of Massachusetts, that a bill of costs should be filed within fifteen days of the "earlier of (i) the expiration of the time allowed for appeal of the final judgment or decree, or

(ii) receipt by the Clerk of the Mandate of the Court of Appeals."[1]

The Court entered judgment on May 28, 2013. Plaintiff contends that the time allowed for appeal expired thirty days later, on June 27, 2013, and defendant therefore should have filed its bill of costs by July 12, 2013.

Here, plaintiff did not allow the time for an appeal to expire; instead, it filed a notice of appeal. Defendant's bill of costs was filed on April 17, 2014, after the Federal Circuit had ruled on its appeal and before the mandate was received. Even assuming that the deadlines in question are mandatory, the bill of costs was therefore timely.

## II.     Defendants' Specific Objections

Recovery of costs is governed by 28 U.S.C. § 1920 and the Fed. R. Civ. P. 54(d). Rule 54(d) requires that costs, other than attorney's fees, be allowed to the prevailing party, unless "a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1).

Section 1920 states that the "judge or clerk of any court of the United States may tax as costs":

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees . . . ;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries,

---

[1] *See Taxation of Costs*, U.S. District Court for the District of Massachusetts (Dec. 28, 2000), http://www.mad.uscourts.gov/resources/pdf/taxation.pdf.

fees, expenses, and costs of special interpretation services . . . .

28 U.S.C.A § 1920. District courts are "bound by the limitations" established by section 1920, and costs not listed under that section may not be awarded. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987).

### A. Costs for Admission Pro Hac Vice

Defendant seeks $250 for "fees of the clerk" for the cost of admission *pro hac vice* of attorneys Daniel Johnson, Brett Lovejoy, Jason Gettleman, and Rachel Walsh. Some courts have awarded the cost of such fees, while others have not. *See Interfood, Inc. v. Select Veal Feeds, Inc.*, 2014 WL 690566, at *2 (D. Mass. Feb. 19, 2014) (collecting cases). The phrase "fees of the clerk" is generally understood to refer to 28 U.S.C. § 1914, which permits the clerks to collect filing fees and other fees authorized by the Judicial Conference of the United States. 10 James Wm. Moore, *Moore's Federal Practice*, § 54.103[3][b] (3d ed. 1997). One of the fees that the Judicial Conference sets is the *pro hac vice* admission fee. *See Fee Schedule*, U.S. District Court for the District of Massachusetts (Dec. 1, 2013), http://www.mad.uscourts.gov/general/pdf/feesched.pdf. However, defendant's election to use out-of-state counsel, while perfectly appropriate, does not appear to be a cost that is fairly chargeable to plaintiff, and will therefore be disallowed.

### B. Costs for Service of Third-Party Subpoenas

Defendant requests $2,171.82 for "fees of the marshal" for the cost of serving six third-party subpoenas. Plaintiff objects on two grounds.

First, plaintiff contends that Innovation Genesis was served with subpoenas that did not seek information relevant to the case, that Innovation Genesis did not produce documents or provide a witness, and that defendant offers no explanation for why it served two subpoenas on

the same day. Defendant contends that it believed that Innovation Genesis may have had documents or information because an inventor of the '362 patent worked there after working for plaintiff and because it purchased another company and some assets relating to its work with defendant, which was a client. Defendant further states that service was made twice because the agent attempted to evade service. The explanations are satisfactory, and accordingly plaintiff is entitled to costs relating to the Innovation Genesis subpoenas.

Second, plaintiff asserts that liable only for the cost of having a marshal serve process—which was set at $55 during the relevant period—and not for the cost of a private process server. The statute expressly permits the fees of the marshal only, and defendant therefore will be limited to that amount. To award the fees for special process servers, to whom defendant's paid extra for expedited service, would be excessive. Defendant will therefore be allowed $55 for each of the six subpoenas served, for a total of $330 in service fees.

### C. Transcript Fees

Defendant seeks $17,866.35 for the cost of nineteen deposition transcripts. Plaintiff contends that only transcripts used at trial are taxable and therefore the resolution of this case on summary judgment precludes any award of transcript costs. In the alternative, plaintiff argues that only those transcripts that defendant relied on in its motion for summary judgment are taxable.[2] (Def. 2d Mem. at 4-6 (citing *Bergeron v. Cabral*, 393 F. App'x 733, 735 (1st Cir. 2010) and *Haemonetics Corp. v. Fenwal, Inc.*, 863 F. Supp. 2d 110, 116-17 (D. Mass. 2012)).

Section 1920(2) requires only that the transcripts be "necessarily obtained for use in the case." That includes, in some cases, the costs for transcripts necessarily relied on at summary

---

[2] Plaintiff initially objected to the costs of video depositions and rough drafts included in defendant's original bill. Defendant removed those costs from its amended bill, and the issue is therefore moot.

judgment. *See, e.g.*, *Bergeron v. Cabral*, 393 F. App'x 733, 735 (1st Cir. 2010) (affirming district court's award of costs for depositions filed in support of partially-successful summary judgment motion); *Gochis v. Allstate Ins. Co.*, 162 F.R.D. 248, 252 (D. Mass. 1995) (awarding costs for deposition transcripts that were necessary to resolution of the case on summary judgment). *Cf.* 10 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure*, § 2676 (3d ed.1998) ("The justification for taxing the expense of a deposition that is introduced into evidence also supports taxing the expense of a deposition employed on a successful motion for summary judgment."); 10 James Wm. Moore, *Moore's Federal Practice*, § 54.103[3][c] (3d ed. 1997) (explaining that a deposition's necessity is established if it is "used in pretrial proceedings, such as on a motion to dismiss or for summary judgment"). Furthermore, it is "within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put in evidence or used at the trial." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985). *But see Haemonetics Corp. v. Fenwal, Inc.*, 863 F. Supp. 2d 110, 117 (D. Mass. 2012) (disallowing taxation of costs of depositions only cited in legal memoranda). Although an imperfect metric of whether the transcripts were "necessarily obtained," the Court finds it appropriate here to award the costs of deposition transcripts for the three deponents whose testimony supported defendant's motion for summary judgment and to disallow costs for the other sixteen depositions.

Furthermore, defendant seeks to tax not just the cost of the transcript, but also the costs of expedited and realtime transcripts, linked or searchable exhibits, expedited shipping and handling, realtime services, and CD Depo Litigation Packages. Defendant did not request permission for daily or expedited transcripts and has not justified that expedited and realtime transcripts were

necessary to the case. The remaining items do not fall under any of the categories listed in § 1920.

Accordingly, costs are taxable in the amounts of $1,079.80 for the Sullivan deposition; $825.00 for the Whoriskey deposition; and $612.75 for the Beaulieu deposition. In sum, costs of $2,517.55 are taxable.

**D.** **Witness Fees**

Defendant requests $2,532.40 in fees for thirteen witnesses. Plaintiff moved to disallow many of the fees because the subsistence rates for two witnesses deposed in the same location were different and defendant used the incorrect mileage rate. Defendant corrected these errors in its amended bill.

Plaintiff also correctly points out that the Hybsch mileage fees did not match the supporting documentation. Defendant seeks $144.30 for round-trip flights to Charlotte, North Carolina, and $665.50 for round-trip flights to Sacramento. But Hybsch was deposed in Rocklin, California—near Sacramento—and there is no explanation as to why the Charlotte flights were included. Only the $665.50 in fees will be allowed.

Accordingly, defendant costs for witness fees in the amount of $2,388.10.

**E.** **Copying Fees**

Plaintiff initially sought $2,831.70 for copying fees and a subscription to a scientific article database. Defendant objected to most of the copying fees on the grounds that they were for the convenience of counsel and to the database subscription as not covered by the statute. In its amended bill, plaintiff reduced its copying fees to $310.02 and conceded that the subscription is not taxable. That appears appropriate, as defendant concedes in its second motion. (Def. 2d

Mem. at 7). Accordingly, costs of $310.02 for copying are taxable.

### F. Attorney's Fees

Finally, defendant requests attorney's fees for preparation of its oppositions to plaintiff's motions to disallow, contending that defendant acted in bad faith and made frivolous arguments. In fact, many of plaintiff's arguments had merit and prompted plaintiff to file an amended bill of costs. Accordingly, no such fees will be awarded.

### III. Conclusion

In light of the foregoing, plaintiff's first and second motions to disallow costs are GRANTED in part and DENIED in part. Defendant's motion for a bill of costs is GRANTED in the amount of $5,545.67 and otherwise DENIED.

**So Ordered.**

Dated: May 21, 2014

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge